## STEPHENSON *v.* WILSON.

This suit was brought to make a son liable for a debt due by his father, on the ground, that he (the son) had received a large portion of his father's property during his lifetime, upon condition of paying his debts, and had, after his death, intermeddled with his succession, and converted its property to his own use. The prescriptions of three and five years, under articles 1176, 1380, and 3507 of the Civil Code, do not apply.

If a son, on the death of his father, takes possession of his property and treat it as his own, without any letters of administration obtained, or judicial proceedings had, he will under our laws, be held responsible to creditors.

It is apprehended, that the law is the same in Arkansas.

APPEAL from the District Court of the Parish of Caddo. *Bullard*, J. *Landrum*, for plaintiff. Plaintiff contends the sale under which *James M. Wilson*, defendant, claims the slaves of his father, is fraudulent, and as to them, null and void *ab initio*. The property having remained in possession of the vendor, and they being creditors prior to the sale. 3 Peters, 196. 1 Cranch, 309. 6 N. S. 641. U. S. Digest, vol. 5, p. 45, sections 3903, 389, 394, 377; p. 47, sec. 419; p. 48, sec. 442. See supplement to U. S. Digest, vol. 2, same pages.

The defendant had no shadow or color of title to the negroes he took into his possession, on the death of his father, and he pretends to none to the personal effects he administered. He was, therefore, an administrator to his own wrong, and liable for the debts of his father, to the value of the assets he inter-

STEPHENSON
*v.*
WILSON.

meddled with. 17 L. R. 333. 1 R. R. 435. 8 L. R. 308. U. S. Digest, vol. 4, p. 830, sec. 926, 932, 936, 940; p. 831, secs. 943, 950, 955, 956. See supplement to U. S. Digest, vol. 1, same pages.

The sale as to third parties had no effect until after registry. B. and C. 596. 2 L. R. 125. 2 L. R. 122. 5 L. R. 263. C. C. 2417, 2242, 2250.

Declaration that price had been paid, is no proof against third parties. 12 R. R. 95.

The unconditional acceptance of a succession, makes the acceptor liable for the debts. C. C. 982, 986. The debtor's property is a common pledge to his creditors. C. C. 3143, 3150, 1963, 1964. 4 N. S. 174. 4 L. R. 127.

As to liability and acts which constitute one executor *de son tort.* U. S. Digest, vol. 2, p. 302.

*Crain,* for defendant, cited 19 L. R. 524. By the court :

SLIDELL, J. The object of this suit, is to hold *James M. Wilson,* liable for a debt due by his father, *Jason H. Wilson,* upon the ground, that he had received a large portion of the property of his father during his lifetime, under condition of paying his debts, and had, after his death, intermeddled with his succession, and converted its property to his own use. There was a judgment in favor of the plaintiff in the court below, and the defendant has appealed.

We have carefully considered the testimony in this cause, and are unable to say, that injustice has been done to the defendant by the judgment below.

It appears from the testimony of a relative of the defendant, that the father, shortly before his death, conveyed a large number of slaves to the defendant; and that there was a written contract prepared by the witness, at the request of the father, which, according to his recollection, was signed, whereby the son agreed in consideration of the transfer, to pay the father's debts, including that to the plaintiff. It is true, the witness states, that the son subsequently declared to him, that they had not closed that agreement, but altered the arrangement, and excluded the debt due to the plaintiff. But if this was so, the defendant could have relieved himself of the unfavorable effect of that witnesses' testimony, by producing the subsequent agreement, or proving its contents. This he has not done.

If, on the other hand, the defendant repudiated altogether the existence of an agreement to pay his father's debts as the consideration of the sale, and relied upon the bills of sale of the negroes to himself, which purport to be for a cash consideration of $8111, he is met by the grave difficulties, which result from the evidence of his want of means to make such a cash purchase, the continued possession of his vendor, and the embarrassed state of the vendor's affairs; circumstances which may have induced the district judge to treat the sales as simulated.

In addition to these circumstances, it appears that, on the death of his father, the defendant took possession of the slaves and other property, and treated them as his own, without any letters of administration obtained, or judicial proceedings had, in the State of Arkansas, where the slaves and effects were. This intermeddling, we apprehended, would create a responsibility to creditors under the law of Arkansas; and, certainly, under our jurisprudence, would not leave the defendant on a better footing.

The prescriptions of three and five years, under articles 1176, 1380 and 3507 of the Civil Code, which are referred to by counsel, do not seem to us, applicable to the present controversy.

Judgment affirmed, with costs.